UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

JAN KONOPCA,                                    Civil No:

                Plaintiff,        **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

    -against-

                                                              **DEMAND FOR JURY TRIAL**

CREDIT CONTROL, LLC f/k/a OMNI CREDIT
SERVICES, INC., d/b/a OMNI CREDIT
SERVICES OF FLORIDA, INC.,

                Defendants.
------------------------------------------------------------------X

       Plaintiff JAN KONOPCA ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, as and for his Complaint against the Defendants CREDIT CONTROL, LLC f/k/a OMNI CREDIT SERVICES, INC., d/b/a OMNI CREDIT SERVICES OF FLORIDA, INC., respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Monmouth, residing in Long Branch, New Jersey.

3. Defendant CREDIT CONTROL, LLC is a limited liability company organized and

existing under the laws of the State of Missouri with its principal place of business at 5757 Phantom Drive St. Louis, MO 63042.

4. Defendant is formerly known as OMNI CREDIT SERVICES, INC., d/b/a OMNI CREDIT SERVICES OF FLORIDA, INC. which are defunct corporations organized under the laws of the State of Wisconsin and Florida, respectively.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Plaintiff is the sole subscriber of the Sprint account bearing the phone number of (732)222-2222, and has been the sole subscriber of that account at all times relevant hereto.

9. Plaintiff is the sole party financially responsible for the payment of the Sprint account bearing the phone number of (732)222-2222, and has been the sole party financially responsible for that account at all times relevant hereto.

10. Plaintiff is the regular and sole user of the cellular phone number (732)222-2222, and has been the regular and sole user of that phone number at all times relevant hereto.

11. On information and belief, on a date better known to Defendants, Defendants began

its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (732)222-2222 numerous times.

12. Defendant specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone on February 6, 7 and 8, 2012, amongst numerous other dates.

13. The Defendants called from numerous phone numbers, including 800-670-9944, all of which numbers belongs to Defendants.

14. The Defendant's prerecorded messages would typically state as follows:

"Hi, this is James with Omni Credit Services.  This call is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Please return my call today.  The telephone number is 1(800)670-9944.  Again, that number is 1(800)670-9944.  Use zero to route your call."

15. The Plaintiff never gave the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice messages.

16. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer, and expressly directed Defendants to stop calling his cell phone number on numerous occasions.

17. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

18. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

19. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

## DEMAND FOR TRIAL BY JURY

20. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendants' willful violations of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
           February 2, 2016

Respectfully submitted,

MARCUS & ZELMAN, P.C.

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: 845-367-7146
Fax: 732-298-6256
Email: yzelman@MarcusZelman.com